UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILL HAYWOOD,

                Plaintiff,

v.                                                      Case No. 23-cv-1315-pp

TIMOTHY KOLECHECK, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO TAKE FILING FEE AND SERVICE FEES OUT OF INMATE RELEASE ACCOUNT (DKT. NO. 7), DENYING AS MOOT PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO PAY INITIAL PARTIAL FILING FEE (DKT. NOS. 9, 10), DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 13) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Will Haywood, who is incarcerated at Jackson Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1. The order also addresses the plaintiff's motion to take filing fee and service fees from his release account, dkt. no. 7, his motions for extensions of time to pay the initial partial filing fee, dkt. nos. 9, 10, and his motion to amend complaint, dkt. no. 13.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2), Motion to Take Filing Fee and Service Fees out of Release Account (Dkt. No. 7) Motions for Extensions of Time to Pay Initial Partial Filing Fee (Dkt. Nos. 9, 10)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).

1

The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 10, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $35.01. Dkt. No. 5. The court received that fee on November 1, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.[1]

On October 18, 2023, the court received the plaintiff's motion to take filing fee and service fees out of his release account. Dkt. No. 7. The plaintiff dated this motion October 12, 2023; it appears that he submitted it before he received the court's October 10, 2023 order assessing his initial partial fee of $35.10. Id. at 3. In the motion, the plaintiff asks the court to have the financial supervisor at Jackson Correctional Institution take funds from the plaintiff's release account to pay the filing fee and administrative fee. Id. at 1. As the court has explained, however, the court received the $35.01 *initial* partial filing fee and, because this order grants the plaintiff's motion for leave to proceed without prepaying the full filing fee, the $52 administrative fee will be waived. The court generally does not grant an incarcerated person's request to use

---

[1] The court ordered the plaintiff to pay the initial partial filing fee on or before November 6, 2023. Dkt. No. 5 at 4. On October 26, 2023 and October 30, 2023—several days before the November 6, 2023 deadline—the court received from the plaintiff two motions for extensions of time to pay the initial partial filing fee, dkt. nos. 9, 10; because the court received the initial partial filing fee well before the November 6, 2023 deadline, the court will deny those motions as moot.

2

funds in his release account to pay a full filing fee because the purpose of the release account is to ensure that an incarcerated person has some funds at the time of his release. The court will deny the plaintiff's motion.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff was incarcerated at Stanley Correctional Institution during the events described in the complaint. Dkt. No. 1 at 2. He has sued defendants Captain Timothy Kolecheck; Lieutenant Hoff; Security Director Jeffrey Moore; Heather Wilhelm-Copas, the staff member completing the report for PREA investigation #660929; Donterrios Bell and Floyd Cooper, the incarcerated individuals who allegedly assaulted the plaintiff; and the warden of Stanley Correctional Institution. Id. The plaintiff states that the defendants "tr[ied] to cover up a sexual assault and assault[;] two inmate[s] sexual[ly] assault and assault [plaintiff] in [his] assigned living area." Id.

The plaintiff alleges that at about 8:00 p.m. on April 10, 2023, his cellmate and his cellmate's friend sexually assaulted the plaintiff in the plaintiff's living area. Id. The plaintiff states that they blackened his eye, pulled his hair out and forced an unknown object into his anus. Id. After the incident, the plaintiff was allegedly sent to the Marshfield Medical Center. Id. He says that the medical report from his visit says that "the differential includes rectal laceration, a facial fracture and facial contusion." Id. at 3.

4

The plaintiff alleges that when he returned to Stanley, he was sent to "pc" (presumably, protective custody) for sixteen days and then to the "hole," where he was across from the two individuals who assaulted him. Id. He says that they said, "no one care[s] and that they are not going to do anything about it[]" and "you know you wanted it faggot." Id. The plaintiff states that he was so overwhelmed he tried to commit suicide, after which he "went to observation for a week and then they gave him a conduct report[] for assault and entry into inmates assigned living area." Id.

The plaintiff alleges that defendant Captain Timothy Kolecheck delivered the conduct report and tried to force the plaintiff to sign it. Id. Next, defendant Lieutenant Hoff allegedly came to the plaintiff's door and tried to force him to sign the conduct report; "he came with this 'I can talk with someone one top [] and I can lower the code violation from assault to disruption and keep the entry into inmates living area[.]'" Id. The plaintiff states that he replied, "no by signing this conduct report, you saying aloud [sic] a inmate to come in my cell and my cellmate to assault and sexual assault me." Id. Lt. Hoff allegedly replied, "you not going to win this conduct report. I know you want to get out [of] this hole, away from them." Id. The plaintiff states that he "(ICE) the incident." Id.

The plaintiff alleges that the same captain and lieutenant (defendants Kolecheck and Hoff) found him guilty at the disciplinary hearing on his conduct report. Id. He says that an "SPN" (Special Placement Needs) was put in place, and he was sent to Jackson Correctional Institution. Id.

The plaintiff alleges that a PREA (Prison Rape Elimination Act) investigation was completed on May 23, 2023, and the disposition of the case was unsubstantiated, "meaning the allegations w[ere] investigat[ed] and there

5

was insufficient evidence to determine whether or not the incident occurred." Id. The plaintiff alleges that he has the conduct report, medical reports and the finding of the PREA investigation. Id. He states that "they" will not give him the incident report for April 10, 2023, or for his April 24, 2023 suicide attempt and the PREA medical release form. Id.

For relief, the plaintiff seeks compensatory damages, for the defendants to be removed from their jobs, for the two individuals who assaulted him to be criminally charged and for "this off [his] conduct report ASAP." Id. at 5.

C. Analysis

The plaintiff used the court's form complaint, and the first page of the form includes a caption and instructs that the caption should include the full names of the plaintiff and defendant(s). Dkt. No. 1 at 1. The first page of the plaintiff's complaint, however, is blank (except for the case number). Id. The Federal Rules of Civil Procedure require that every pleading have a caption and that the title of the complaint name all the parties. Fed. R. Civ. P. 10(a). The plaintiff's complaint is deficient because it does not include a caption.

The plaintiff has sued the two incarcerated individuals who allegedly assaulted him, defendants Bell and Floyd. These individuals are not state actors (state employees); only state actors—people acting "under color" of state law—can be sued under §1983 for violating someone's constitutional rights. The plaintiff states that he wants these individuals to be criminally charged. This court cannot criminally charge individuals, and a private citizen (like the plaintiff) cannot bring criminal charges against someone. If the plaintiff believes that these two individuals committed crimes, he should report their conduct to local law enforcement (such as the Stanley, Wisconsin Police Department), or the local prosecutor (such as the Chippewa County District Attorney's Office).

Based on the plaintiff's allegations, it appears that he claims the defendants tried to cover up the assault and sexual assault by bringing charges against the plaintiff in a conduct report, and that Kolecheck and Hoff, who tried to force him sign the conduct report, also found him guilty of the conduct report at a disciplinary hearing.[2] Construing his allegations liberally, the plaintiff claims that the conduct report charges were fabricated. The Seventh Circuit has held that "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006) (quoting McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999)). In other words, a claim that prison officials falsified information or documents in relation to a conduct report implicates procedural due process, not substantive due process. The Seventh Circuit has gone so far as to find "that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell*[, 418 U.S. 539 (1974)] are provided." Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).

An incarcerated individual challenging the process he was given in a prison disciplinary proceeding must meet two requirements: (1) he must show

---

[2] The plaintiff has not alleged that any defendant failed to protect him from the individuals who assaulted him or that any defendant issued the plaintiff the conduct report in response to anything the plaintiff did. The plaintiff alleges that after the incident he spent sixteen days on "pc" and then was moved to the "hole" where he was across from the two individuals who assaulted him, and that he attempted suicide. But he has not alleged that any defendant had him moved to segregation or that he asked any defendant to move him from segregation to another location. The plaintiff has not stated a claim that his constitutional rights were violated based on the assault itself or based on his suicide attempt after the assault.

that he has a liberty or property interest with which the state has interfered; and (2) he must show that the procedures he was given upon that deprivation were constitutionally deficient. Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (citing Rowe v. DeBruyn, 17 F.3d 1047, 1053 (7th Cir. 1994)).

"A prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." Lekas v. Briley, 405 F.3d 602, 608 (7th Cir. 2005) (quoting Sandin v. Conner, 515 U.S. 472, 483-84 (1995)). In the absence of an "atypical and significant" deprivation, the procedural protections of the Due Process Clause are not triggered. Id. Disciplinary segregation can trigger due process protections. Marion v. Columbia Corr. Inst., 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When deciding whether an incarcerated person is entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." Id. If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not trigger such an interest. Id. at 697-98.  On the one hand, "six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." Id. at 698 (quoting Whitford v. Boglino, 63 F.3d 527, 533 (7th Cir. 1995)). On the other end of the spectrum, transfer to a maximum-security prison and placement in segregated confinement for an indefinite period where virtually all sensory and environmental stimuli are denied, little human contact is permitted and incarcerated individuals otherwise eligible for parole are disqualified from parole eligibility, taken together, impose an atypical

and significant hardship within the correctional context. Id. at 697 (citing Wilkinson v. Austin, 549 U.S. 209, 224 (2005)).

Once an incarcerated person has invoked a liberty or property interest, the court considers the question of what process was due. Prison disciplinary hearings satisfy procedural due process requirements where an incarcerated individual is provided (1) written notice of the charge against the prisoner twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence (but only when doing so will not unduly jeopardize the safety of the institution or correctional goals); and (4) a written statement of the reasons for the action taken against the incarcerated person. See Wolff v. McDonnell, 418 U.S. 539, 563-69 (1974); Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of Wolff be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." Black v. Lane, 22 F.3d 1395, 1402 (7th Cir. 1994).

The plaintiff alleges that after the disciplinary hearing, a "SPN" (Special Placement Need) was put in place, and he was transferred to Jackson Correctional Institution. Jackson and Stanley are both medium-security institutions within the Wisconsin Department of Corrections. See doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/AdultFacilities.aspx. The plaintiff has not alleged that he received a disposition from the conduct report that implicates a liberty interest, which means that he has not stated a due process claim.

As the court has explained, the complaint is deficient because it does not have a case caption. It also is deficient because the plaintiff has not stated a

claim that the defendants violated his constitutional rights under federal law. The court will give the plaintiff an opportunity to file an amended complaint.[3]

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption (the top part of the first page) of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate the plaintiff's constitutional rights.

---

[3] The court has received from the plaintiff a motion to amend his complaint. Dkt. No. 13. Because this order gives the plaintiff the opportunity to file an amended complaint and because a motion is not necessary under Federal Rule of Civil Procedure 15(a)(1), the court will deny the plaintiff's motion as moot and give the plaintiff the forty-five days he requests to file an amended complaint.

10

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion to take filing fee and service fees out of release account. Dkt. No. 7.

The court **DENIES AS MOOT** the plaintiff's motions for extensions of time to pay initial partial filing fee. Dkt. Nos. 9, 10.

The court **DENIES AS MOOT** the plaintiff's motion to amend his complaint. Dkt. No. 13.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **February 22, 2024**. If the court receives an amended complaint by the end of the day on February 22, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the end of the day on February 22, 2024, the court will dismiss the case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$279.98** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

11

Case 2:23-cv-01315-PP   Filed 01/08/24   Page 11 of 13   Document 14

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Jackson Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[4] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody

---

[4] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 8th day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

13

Case 2:23-cv-01315-PP   Filed 01/08/24   Page 13 of 13   Document 14