UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILL HAYWOOD,

      Plaintiff,

v.              Case No. 23-cv-1315-pp

TIMOTHY KOLECHECK, *et al.*,

      Defendant.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 16)**

---

  Plaintiff Will Haywood, who is incarcerated at Jackson Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights have been violated. The court screened the complaint and determined that it was deficient because it did not contain a case caption and that even if it had, the complaint did not state a claim that the defendants violated his rights under federal law; the court gave the plaintiff an opportunity to file an amended complaint. Dkt. No. 14 at 9-10. This order screens the amended complaint. Dkt. No. 16.

I.  **Screening the Amended Complaint**

  A.  <u>Federal Screening Standard</u>

  Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  Allegations in the Amended Complaint

The plaintiff alleges that on April 10, 2023, he was sitting in the dayroom when his cellmate, Mr. Bell, asked him for help finding Mr. Bell's tablet charger. Dkt. No. 16 at ¶¶1-3. The plaintiff states that he went with Mr. Bell to

their cell to help him find the charger. Id. at ¶4. Once in the cell, Mr. Bell allegedly assaulted the plaintiff by striking his left eye and tearing out some of his hair. Id. at ¶6. The plaintiff states that another incarcerated individual, Mr. Floyd, then came into the cell and both Bell and Floyd assaulted the plaintiff. Id. at ¶¶8-9. He says that the beating left him dazed and unable to defend himself or seek help. Id. at ¶11. The plaintiff allegedly found himself face down on the floor while Bell and Floyd pulled down his underwear and forcefully inserted something into his anus six or seven times causing immense pain. Id. at ¶¶12-13. He states that the ordeal lasted two to four minutes. Id. at ¶14. The plaintiff states that he reported the sexual assault to CO Kieffer (not a defendant), and he was taken to the hospital. Id. at ¶¶20-21, 23.

The plaintiff alleges that the unit sergeant, Diamond (not a defendant), must have observed Floyd entering the plaintiff's cell because the cell door was being activated by control, "alerting individuals of a rule infraction of being in an unassigned area." Id. at ¶15. Diamond allegedly failed to prevent the assault because he did not investigate Floyd being in an unassigned area. Id. at ¶18.

The plaintiff alleges that that physical and sexual assault could have been prevented. Id. at ¶25. He states that before the incident, he informed defendant Heather Wilheim-Copas, the unit manager, that he and Bell were not getting along, that Bell was harassing and sexually harassing the plaintiff and that either he or Bell had to be moved. Id. at ¶¶27-28. Wilheim-Copas allegedly responded to the plaintiff to deal with it, did not file a PREA report on the incident and "disclosed information to the plaintiff's cellmate Bell." Id. at ¶¶29-31. The plaintiff states that shortly after that, Bell and Floyd assaulted him. Id. at ¶32.

After the incident, the plaintiff allegedly filed a PREA report, after which he was placed in protective custody for about sixteen days. Id. at ¶33. He says that Wilheim-Copas wrote the plaintiff a conduct report and the plaintiff was sent to segregation. Id. at ¶34. While in segregation, Bell and Floyd allegedly were across the hall from the plaintiff and they harassed and threatened him. Id. at ¶¶35-36.

The conduct report allegedly incorrectly charged the plaintiff with entering another individual's cell, when it was his own cell "and he did not consent or participate voluntarily." Id. at ¶40. Defendant Kolecheck and Lieutenant Hoff (not a defendant) allegedly tried to force the plaintiff to sign the conduct report, but he did not do so. Id. at ¶43. The plaintiff states that he was found guilty and filed an "ICE complaint" on the issues. Id. at ¶¶46-47. He appealed the decision dismissing complaint, but Kolecheck did not mail his appeal. Id. at ¶¶49-50. The plaintiff states that a special placement need was placed, and he was transferred to Jackson Correctional Institution. Id. at ¶53.

The plaintiff claims that the defendants failed to protect him from harm and retaliated against him. Id. at ¶¶62-63.

C. Analysis

The Eighth Amendment requires prison officials to protect incarcerated persons from violence at the hands of other incarcerated persons. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Prison officials who do not protect one incarcerated individual from another may be found liable under the Eighth Amendment if two requirements are met: first, the incarcerated individual must have been exposed to a risk of objectively serious harm, and second, the prison official must have had actual knowledge of that risk and responded with

deliberate indifference. See LaBrec v. Walker, 948 F.3d 836, 841 (7th Cir. 2020); see also Farmer, 511 U.S. at 837-38.

The plaintiff may proceed on an Eighth Amendment claim against defendant Wilheim-Copas in her individual capacity based on allegations that he told her before the incident that he and Bell were not getting along and that Bell was sexually harassing him and that instead of moving one of them, she told Bell that the plaintiff had complained to her about Bell. The plaintiff may not proceed against Diamond because, even if he had named Diamond as a defendant, he has not alleged that Diamond knew that Bell or Floyd posed any risk to the plaintiff.

To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff has not alleged that any defendant retaliated against him because he engaged in activity protected by the First Amendment, so he has not stated a retaliation claim.

## II.  Conclusion

The court **DISMISSES** defendants Kolecheck, Moore and Jane/John Does.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint (Dkt. No. 16) and this order to the Wisconsin Department of Justice for service on defendant Heather Wilheim-Copas. Under the informal

service agreement, the court **ORDERS** Wilheim-Copas to file a responsive pleading to the amended complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are not incarcerated or who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 13th day of May, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**