UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILL HAYWOOD,

                      Plaintiff,

v.                                        Case No. 23-cv-1315-pp

HEATHER WILHEIM-COPAS,

                      Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 29) AND DISMISSING CASE**

      Plaintiff Will Haywood, who is incarcerated at Jackson Correctional Institution and is representing himself, filed this case alleging that his civil rights have been violated. The court screened the amended complaint and allowed the plaintiff to proceed on an Eighth Amendment failure-to-protect claim against defendant Heather Wilheim-Copas for allegedly allowing other incarcerated individuals to assault him. Dkt. No. 17 at 5. The plaintiff alleged that before the incident, he told the defendant that he and his cellmate were not getting along and that his cellmate was sexually harassing him; he alleged that instead of moving one of them, the defendant told the plaintiff's cellmate that the plaintiff had complained to her about him. Id. The defendant has filed a motion for summary judgment on exhaustion grounds. Dkt. No. 29. This order grants that motion and dismisses the case without prejudice.

1

I.  **Facts**[1]

The plaintiff was incarcerated at Stanley Correctional Institution during the events described in the complaint. Dkt. No. 31 at ¶1. The defendant was a corrections program supervisor at Stanley during that time. Id. at ¶2.

On April 10, 2023, the defendant issued the plaintiff Conduct Report 318097 for assault and entry into another incarcerated individual's living area. Id. at ¶3. In the conduct report, the defendant stated that another incarcerated person had notified her of an altercation involving the plaintiff that occurred that day. Id. at ¶4. The defendant had reviewed video footage to investigate the allegations. Id. Because the plaintiff was accused of major offenses, he had a right to a disciplinary hearing. Id. at ¶5. The plaintiff refused to enter an uncontested disposition. Id. at ¶6. A disciplinary hearing was held on May 2, 2023, and the plaintiff was found guilty. Id. at ¶7. In his appeal of the decision, the plaintiff argued that he did not assault anyone and that other incarcerated individuals had entered his cell without his consent. Id. at ¶8. On May 10, 2023, the hearing officer's decision was affirmed. Id. at ¶9.

In response to Conduct Report 318097, the plaintiff filed complaint SCI-2023-6211 on May 1, 2023. Id. at ¶¶10-11. In that complaint, the plaintiff alleged that he had received a conduct report after two incarcerated individuals had sexually assaulted him on April 10, 2023. Id. at ¶12. He alleged that the defendant had sent him the conduct report and that a Lieutenant Hoff had

---

[1] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

pressured him to enter an uncontested disposition on the conduct report, but the plaintiff refused. Id. The plaintiff said that his "one issue" of complaint SCI-2023-6211 was that Conduct Report 318097 should be dismissed. Id. The plaintiff did not assert that prior to the April 10, 2023 sexual assault, he had informed the defendant that his cellmate had sexually harassed him, or that he had asked that he or his cellmate be moved. Id. at ¶13.

On May 1, 2023, the institution complaint examiner (ICE) recommended that complaint SCI-2023-6211 be dismissed because the plaintiff's conduct report had not yet been heard and no decision had been issued. Id. at ¶14. The next day, the reviewing authority accepted the recommendation and dismissed the complaint. Id at ¶15. The corrections complaint examiner (CCE) did not receive from the plaintiff a timely appeal of the dismissal. Id. at ¶16.

On January 1, 2024, the plaintiff filed complaint JCI-2024-82 in which he alleged that prison staff did not mail his appeal of complaint SCI-2023-6211 when he placed it in his outgoing mail on May 12, 2023. Id. at ¶17. The plaintiff did not allege in JCI-2024-82 that the defendant had failed to act when he told her that his cellmate was sexually harassing him. Id. at ¶18.

Because the plaintiff was well beyond the fourteen-day time limit to file a complaint regarding the mailing incident on May 12, 2023, the ICE rejected JCI-2024-82 as untimely on January 2, 2024. Id. at ¶20. The ICE noted that the plaintiff did not make a plea for good cause in filing an untimely complaint or present evidence showing what had prevented him from using the Inmate

3

Complaint Review System since the alleged mailing incident on May 12, 2023. Id. at ¶21.

The plaintiff has not filed any other inmate complaints regarding his mailing issues, Conduct Report 318097 or the alleged sexual harassment he experienced prior to April 10, 2023. Id. at ¶23. He now asserts, for the first time in this lawsuit, that the defendant ignored his complaint of sexual harassment. Dkt. No. 16.

**II. Analysis**

    A.    <u>Summary Judgment Standard</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. Discussion

The defendant contends that the plaintiff has failed to exhaust his administrative remedies because complaint SCI-2023-6211 did not put the prison on notice of the plaintiff's failure-to-protect claim. Dkt. No. 30 at 7-8. The defendant also contends that the plaintiff failed to exhaust his administrative remedies by not timely appealing the dismissal of the complaint. Id. at 8-9.

The plaintiff responds that he has exhausted his administrative remedies. Dkt. No. 37 at 5. He appears to argue that he timely appealed the dismissal of complaint SCI-2023-6211 by placing it in an envelope for prison staff to mail, but that they did not do so. Id. at 7. The plaintiff also states that when he heard no response "from the (ICE) complaint and appeal," he sent another letter asking about his complaint and appeal status. Id. He says that by the time he learned that his appeal had not been received, a new one would have been untimely. Id. The plaintiff has not asserted that he submitted a complaint raising the issue of his claim that the defendant failed to protect him

5

from his cellmate's assault by not moving the plaintiff or his cellmate from the cell before the assault.

The Prison Litigation Reform Act (PLRA) states that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to incarcerated individuals with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). Before an incarcerated person may commence a civil action, he must exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code §DOC 310.05. The ICRS is available for incarcerated individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1).

To use the ICRS, an incarcerated person must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). Complaints submitted later than fourteen days after the event may be accepted for good cause. Id. After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§DOC 310.10(9) & 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority decision to the CCE. Wis. Admin. Code §DOC 310.09(1). Upon good cause as determined by the CCE, an appeal filed later than fourteen days after the date of the reviewing authority decision may be accepted. Wis. Admin. Code §DOC 310.12(6). The CCE reviews the appeal and makes a recommendation to the secretary of the Department of Corrections. Wis. Admin. Code §DOC

7

310.12(9). The secretary shall affirm or dismiss the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

The plaintiff has not properly supported any of his factual assertions or exhibits, as required by Fed. R. Civ. P. 56(c). Even if he had, the plaintiff does not say that he submitted, or attempted to submit, an inmate complaint raising the issue of his claim against the defendant. The first complaint the plaintiff submitted, SCI-2023-6211, asserted that the plaintiff believed that his conduct report should be dismissed. The second complaint the plaintiff submitted, JCI-2024-82, asserted that prison staff did not mail his appeal of the dismissal of SCI-2023-6211.

"The PLRA exhaustion requirement ensures that 'a prison has received notice of, and an opportunity to correct, a problem' before being drawn into litigation." Jackson v. Esser, 105 F.4th 948, 958-59 (7th Cir. 2024) (quoting Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013)). Assuming an incarcerated individual has taken all the administrative steps, his "complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" Id. at 959 (quoting Schillinger v. Kiley, 954 F.3d 90, 995 (7th Cir. 2020)). To exhaust under Wisconsin's prison rules, inmate complaints must "[c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code. §DOC 310.09(1)(e).

8

Case 2:23-cv-01315-PP    Filed 06/17/25    Page 8 of 10    Document 47

It is undisputed that the plaintiff did not submit a complaint raising the issue of the defendant's alleged failure to protect him. This means that he did not exhaust his administrative remedies as to that claim. The court will grant the defendant's motion for summary judgment on exhaustion grounds and dismiss the case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

### III. Conclusion

The court **GRANTS** the defendant's joint motion for summary judgment on exhaustion grounds. Dkt. No. 29.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in

9

Case 2:23-cv-01315-PP    Filed 06/17/25    Page 9 of 10    Document 47

federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**