UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILL HAYWOOD,

                Plaintiff,

v.                                     Case No. 23-cv-1315-pp
                                     Appeal No. 25-2098

HEATHER WILHEIM-COPAS,

                Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT (DKT. NO. 54) AND DENYING PLAINTIFF'S MOTION TO CORRECT OR MODIFY (DKT. NO. 55)**

On June 17, 2025, the court granted the defendant's motion for summary judgment on exhaustion grounds, dismissed the case without prejudice and entered judgment. Dkt. Nos. 47, 48. On June 30, 2025, the court received from the plaintiff a notice of appeal. Dkt. No. 49. On July 7, 2025, the court received from him a motion to alter or amend judgment, dkt. no. 54, and on July 11, 2025, the court received a motion to correct or modify, dkt. no. 55.

District courts generally lack jurisdiction over a case once it has been appealed. Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008)). But the court retains limited authority to consider a timely filed motion. The Federal Rules of Civil Procedure state that if a party timely files a motion for relief that the court lacks authority to grant because an appeal is pending, the district court may: "(1) defer considering the motion; (2) deny the motion; or

1

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). And under the Federal Rules of Appellate Procedure, if the district court states that it would grant a motion for relief that it lacks authority to grant because an appeal has been docketed, the court of appeals may remand for further proceedings. Fed. R. App. P. 12.1(b) (Remand After an Indicative Ruling).

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

In his motion to alter or amend judgment, the plaintiff states that he exhausted his administrative remedies because a grievance he submitted was lost and never received by the Board. Dkt. No. 54 at 2 ¶ 4. It appears that the plaintiff refers to an appeal of the dismissal of his inmate complaint, which he said was not received; he says that by the time he learned that it had not been received, a new one would have been untimely. The court addressed this argument in its decision granting the defendant's motion for summary judgment. Dkt. No. 47 at 5, 8-9. The court granted the defendant's motion because the plaintiff did not properly support his factual assertions and because, even if he had, he did not submit an inmate complaint raising the

2

issue of the defendant's alleged failure to protect him. Id. at 8-9. The plaintiff has not demonstrated that the court erred in granting the defendant's motion for summary judgment. The court will deny the defendant's motion to alter or amend judgment.

The court also has received from the plaintiff a motion to correct or modify the record. Dkt. No. 55. He states that while the defendant initially told him that she provided relevant video footage of the incident to the litigation coordinator at his institution, she subsequently told him that the video footage had not been retained. Id. at 1-2. Video footage from the alleged failure-to-protect incident at issue would not be relevant to the question of whether the plaintiff exhausted his administrative remedies. Although the plaintiff may notify the court of appeals regarding the video footage, this court will not correct the record. The court will deny the plaintiff's motion.

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 54.

The court **DENIES** the plaintiff's motion to correct or modify. Dkt. No. 55.

The court will electronically transmit a copy of this order to the Court of Appeals for the Seventh Circuit.

Dated in Milwaukee, Wisconsin this 5th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:23-cv-01315-PP     Filed 08/05/25     Page 3 of 3     Document 59