UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILL HAYWOOD,

Plaintiff,

v. Case No. 23-cv-1315-pp

HEATHER WILHEIM-COPAS,

Defendant.

---

**ORDER SETTING DEADLINE FOR DEFENDANT TO FILE RENEWED MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS**

---

Plaintiff Will Haywood, who is incarcerated at New Lisbon Correctional Institution and is representing himself, filed this case alleging violations of his civil rights. The court screened the amended complaint and allowed the plaintiff to proceed on a claim that the defendant, Heather Wilheim-Copas, failed to protect him from being sexually assaulted by his cellmate in violation of his rights under the Eighth Amendment. Dkt. No. 17 at 5. On June 17, 2025, the court granted the defendant's motion for summary judgment on exhaustion grounds and entered judgment. Dkt. Nos. 47, 48. The plaintiff appealed. Dkt. No. 49. On August 6, 2026, the Seventh Circuit Court of Appeals vacated the judgment and remanded the case, finding that the defendant had not carried her burden of proving that the plaintiff failed to exhaust all applicable and available procedures. Dkt. No. 63 at 4.

The court of appeals accepted this court's finding that the plaintiff had failed to file an inmate complaint under Wis. Admin. Code §DOC 310.07

regarding the defendant's failure to protect him. Id. at 3. But the court observed that neither party had addressed whether §DOC 310.08, which governs grievances "alleging sexual abuse or sexual harassment," provided the relevant procedures for the plaintiff to exhaust his administrative remedies. Id. The court of appeals said that it had requested supplemental briefing on the matter, but that the statute was too unsettled for it to determine, without a more robust record, which party's interpretation was correct. Id. at 4 ("If the statute is read broadly, the allegation that [the defendant] failed to protect [the plaintiff] is relevant to his sexual assault. On the other hand, the prefatory clause of § 310.08 refers to complaints 'alleging' sexual abuse or harassment, and a staff member's failure to protect is not in and of itself an act of sexual abuse."). The court of appeals said that the record does not contain evidence about which procedures the Department of Corrections applies to claims like the plaintiff's in practice. Id.

In addition to the question of whether §310.08 applies to the plaintiff's failure-to-protect claim, the court of appeals stated that the record does not resolve the issue of whether administrative remedies were available to the plaintiff. Id. ("Prisons must tell prisoners how to grieve their claims and may not 'shroud the prisoner in a veil of ignorance' to prevent exhaustion. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). At the same time, '[m]ere ambiguity might not make the administrative process unavailable,' and prisoners are expected to 'err on the side of exhaustion.' *Reid v. Balota*, F.3d 325, 329 (7th Cir. 2020) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)).").

The court will set a deadline for the defendant to file a renewed motion for summary judgment on exhaustion grounds. If the defendant files a renewed motion, she must provide information about the following issues: "how the Wisconsin Department of Corrections addresses grievances regarding sexual abuse and a corresponding failure to protect; how the prison advised [the plaintiff] to file those grievances; and whether [the plaintiff] informed prison officials of [the defendant's] failure to protect through any means, for example during a PREA investigation." Dkt. No. 63 at 5.

The court **ORDERS** that the defendant may file a renewed motion for summary judgment on exhaustion grounds by the end of the day on **October 16, 2026**. If, by the end of the day on October 16, 2026, the defendant does not file a renewed motion for summary judgment on exhaustion grounds, the court will set deadlines for the parties to complete discovery and file motions for summary judgment on the merits.

Dated in Milwaukee, Wisconsin this 28th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**